UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE

Case No.:

JARED JOHNSON, on his own behalf,

    Plaintiff,

-vs-

MODERN SOURCE, LLC, a Florida Limited
Liability Company,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff JARED JOHNSON, by and through the undersigned counsel (hereinafter, "Plaintiff"), hereby sues Defendant MODERN SOURCE, LLC, a Florida Limited Liability Company (hereinafter, "Defendant") for violation of the Telephone Consumer Protection Act, 47 U.S.C §227, *et seq.* ("TCPA") and in support thereof states as follows:

## BRIEF INTRODUCTION

1. This is an action for damages under the Telephone Consumer Protection Act ("TCPA") resulting from Defendant's relentless debt collection calls using an automated telephone dialing system ("ATDS") and a pre-recorded voice ("robo-call").

2. Under the TCPA, both ATDS and robo-calls are unlawful when made to a cellphone, unless made with the recipient's prior express-written-consent.[1] However, even where consent is initially provided, the call recipient has the absolute right to revoke consent by any reasonable means, including orally.[2]

---

[1] *See In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 27 FCC Rcd. 1830, 1844 ¶ 33 (2012); 47 U.S.C. § 227(b)(1)(A)(iii); *see also* 47 C.F.R. § 64.1200(a)(2).

[2] *See In re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, ¶ 64, CG Docket No. 02-278, WC Docket No. 07-135, 2015 WL 4387780, ___ F.C.C. ___ (July 10, 2015); *Coniglio v. Bank of Am., N.A.*, No.

3. Importantly, it is Defendant's burden to demonstrate that Plaintiff provided his prior express consent within the meaning of the statute and that this consent was not revoked.

4. Neither TCPA nor this Action's purpose is to exculpate consumers from accountability, but rather, to hold Defendant liable for its willful ignorance of the statutes and restrictions that place constraints on how Defendant may contact Plaintiff to seek accountability.

## PARTIES, JURISDICTION, AND VENUE

5. Plaintiff is a natural person and citizen of the State of Virginia.

6. Defendant's principal place of business is in Coconut Creek, Florida.

7. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 47 U.S.C. § 227(b)[3] because this case arises out of violations of federal law.

8. Venue is proper in this Court pursuant to 18 U.S.C. § 1391(b)(2), because Defendant transacts substantial business in the forum and the violative telephone calls at issue were placed in the forum.

## FACTUAL ALLEGATIONS

9. In October 2016, Defendant began placing autodialed and/or prerecorded calls to Plaintiff's cellphone numbers xxx-xxx-4629 and xxx-xxx-2373.

10. Plaintiff did not and has not expressly consented to Defendant's ATDS calls to Plaintiff's cellphone.

11. Plaintiff did not and has not expressly consented to Defendant's robo-calls to Plaintiff's cellphone.

12. In December 2016, during a recorded call, Plaintiff revoked any indicia of consent, demanding that Defendant stop calling him and instead communicate with him via email.

---

8:14-cv-01628-EAK-MAP, 2014 U.S. Dist. LEXIS 149764, 2014 WL 5366248, at *3 (M.D. Fla. 2014) citing *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1255 (11th Cir. 2014)

[3] *See Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

13. Nonetheless, Defendant continued to place auto-dialed calls to Plaintiff's cell phones.

14. Despite Plaintiff's explicit revocation, Defendant continued to call Plaintiff and placed over fifty (50), autodialed and prerecorded phone calls to Plaintiff's cellphone numbers after Plaintiff revoked consent and asked that communication be via email.

15. Many of the calls used "an artificial or prerecorded voice" or left pre-recorded messages as described in 47 U.S.C. § 227(b)(1)(A).

16. It is apparent that Defendant's calls to Plaintiff's cellphone numbers were made using an ATDS as defined by 47 U.S.C. § 227(a)(1) for the following reasons:

   i. the number of calls in a short period of time;

   ii. the consistency of calls;

   iii. the number of daily calls;

   iv. the consistent pattern of daily call times;

   v. the long initial silence during each call; and

   vi. the robotic/prerecorded voice used during calls and voicemails.

17. Plaintiff was relentlessly forced to answer unwanted calls, listen to multiple prerecorded voicemails, or at a minimum, have his days and nights interrupted at least fifty (50) or more times by unwanted incoming calls.

18. Defendant's repeated calls were not only time consuming, but abusive and harassing, and deprived Plaintiff of his statutorily created right to be free from such continued privacy intrusion.

19. None of Defendant's phone calls were placed for "emergency purposes" as specified in 47 U.S.C § 227 (b)(1)(A).

20. Defendant's telephone calls to Plaintiff's cellphone numbers, which were placed through the use of an "artificial or prerecorded voice," and ATDS for non-emergency purposes, and in the absence of Plaintiff's prior express consent, violated 47 U.S.C. § 227(b)(1)(A).

21. Upon information and belief, Plaintiff's experience is typical of that of other consumers, and that Defendant maintains a coordinated program of calling customers using an "automatic telephone dialing system" and/or "an artificial or prerecorded voice."

22. Based on, amongst other things, the incessant number calls placed without consent, and the outrageous volume of calls, Defendant willfully or knowingly violated the TCPA.

23. As a result of the forgoing, Plaintiff has suffered damages including, without limitation violation of statutorily created rights, invasion of privacy, mental anguish, stress, and interference with employment.

## COUNT I
## VIOLATION OF THE TCPA

Plaintiff reaffirms, realleges, and incorporates by reference Paragraphs 1 through 23 as if fully set forth herein.

24. Defendant or others acting on its behalf, placed non-emergency phone calls to Plaintiff's cellphone numbers using an automatic telephone dialing system, and pre-recorded or artificial voice in violation of 47 U.S.C § 227 (b)(1)(A)(iii).

25. Defendant continued to make such calls without Plaintiff's consent.

26. Defendant continued to make such calls after Plaintiff asked Defendant to only communicate with him via email.

27. Defendant continued to make such calls despite Plaintiff's explicit demand to stop and explicit request to communicate with him via email.

28. Defendant willfully or knowingly violated the TCPA.

29. As a result of the forgoing, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff requests that this Court enter judgment in favor of Plaintiff and against Defendant for: $500.00 dollars in statutory damages for each violation of the TCPA; $1,500.00 dollars in statutory damages for each knowing, or willful, violation of the TCPA; a declaratory judgment that Defendant has violated Plaintiff's rights under the TCPA; a permanent injunction prohibiting Defendant from placing non-emergency phone calls to Plaintiff's cell phone numbers using an automatic telephone dialing system, or pre-recorded and/or artificial voice; actual damages as provided for in the TCPA; litigation costs; and such other or further relief as the Court deems proper.

### JURY TRIAL REQUEST

Plaintiff respectfully requests a jury trial on all issues so triable.

Respectfully submitted \_\_ day of December, 2018.

ZEBERSKY PAYNE SHAW LEWENZ, LLP
110 S.E. 6th Street, Suite 2150
Ft. Lauderdale, Florida 33301
Telephone: (954) 989-6333
Facsimile: (954) 989-7781
Primary Email: jshaw@zpllp.com;
kslaven@zpllp.com
Secondary E-mail: mperez@zpllp.com;
jgarcia@zpllp.com

JORDAN A. SHAW, ESQ.
Florida Bar No. 111771
KIMBERLY A. SLAVEN, ESQ.
Florida Bar No. 117964